### No. 13,381.

THE STATE OF LOUISIANA EX REL. JOHN SCOTT & SONS VS. A. D. LAND,

JUDGE.

#### SYLLABUS.

Mandamus will not issue from the Supreme Court to compel a district judge to grant injunction which is not presently necessary for the protection of relator's rights.

APPLICATION for a writ of mandamus.

---

*Holbert & Barret* for Relators.

*Leonard & Randolph* for Relators.

The opinion of the court was delivered by

NICHOLLS, C. J.   It is not considered that the injunction against the Board of Commissioners of the Caddo Levee District, applied for by relators, upon the refusal of which by the district judge is predicated this application for *mandamus*, is *presently* necessary for the conservation and protection of relators' rights.

The suit of relators against the Levee Board and the Railway Company, to have declared null and void the resolutions and ordinances of the Board, under and by virtue of which the Railway Company claims the right to the lands in question by purchase, is a suit affecting the title to the lands, and pending the same nothing can be done in the way of disposition of the lands either by the Levee Board or the Railway Company, or any one claiming under them, which would defeat the final action of the court in respect to the lands, the resolutions and ordinances of the Levee Board relating thereto, and the rights of relators as creditors of the Levee Board as set forth in their original and amended petitions.

Furthermore, the district judge states in his return, that in the *mandamus* suit pending in his court by the Railway Company against E. M. Smith, president of the Caddo Levee Board, to compel him to sign and execute an act of sale to the lands in question, pursuant to the resolutions and ordinances adopted by a majority of the members of the Board, the same issues of illegality, unconstitutionality and nullity of the said ordinances and resolutions are set up, as are raised in the suit of John Scott & Sons against the Levee Board and the Railway Company.   This *mandamus* suit, in the District Court, had been tried and was under advisement when the injunction was applied for, and has since been decided adversely therein.

A suspensive appeal may be prosecuted here, and doubtless will be. Pending the final disposition of the same on appeal, no action will be taken by the president of the Caddo Levee Board in the way of signing a deed vesting title in the lands in the Railway Company. So that, *for the present at least,* no necessity exists for the injunction which the district judge refused.  *Subsequent developments may, perhaps, render such injunction advisable, and, in this respect, relators' (John Scott & Sons) rights are reserved.*

The application for the *mandamus,* as prayed for by relators herein, is denied.